FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ NOV 13 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DON'S PROFESSIONAL SERVICES, LLC, BRENDA
A. DE LA PEÑA, and ABDON L. DE LA PEÑA,

                Plaintiffs,

    -against-

UNITED STATES OF AMERICA,

                Defendant.
------------------------------------------------------------------X

ORDER
13-CV-6807(SJF)(AKT)

FEUERSTEIN, District Judge:

      Pending before the Court are: (1) a minute order of the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, dated June 5, 2014 ("the Minute Order"), *inter alia*, recommending (a) that this action be dismissed for plaintiffs' continuing failure to comply with orders of the Court and to cooperate with their attorney in prosecuting this case, and (b) that Jerold Wolin, Esq., and the law firm of Wolin & Wolin (collectively, "Wolin"), be relieved as counsel for plaintiffs in this action; and (2) plaintiffs' "Motion to Reconsider Continuation of the Case against Individual Defendants," which the Court construes to be objections to the Minute Order. For the reasons stated herein and in the Minute Order, plaintiffs' objections are overruled; Magistrate Judge Tomlinson's recommendations in the Minute Order are accepted in their entirety; Wolin is relieved as counsel for plaintiffs in this action; and this action is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for plaintiffs' failure to comply with orders of the Court.

1

I.   Recommendation that Wolin be Relieved as Plaintiffs' Counsel

A.   Standard of Review

28 U.S.C. § 636(b)(1)(A) permits a district judge to "designate a magistrate judge to hear and determine any [nondispositive] pretrial matter," not otherwise expressly excluded therein. Any party may serve and file objections to a magistrate judge's order on a nondispositive pretrial matter within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(a). Upon consideration of any timely interposed objections and "reconsider[ation]" of the magistrate judge's order, 28 U.S.C. § 636(b)(1)(A), the district judge must modify or set aside any part of the order that "is clearly erroneous or contrary to law." Id.; see also Fed. R. Civ. P. 72(a). A party may not assign as error any defect in a magistrate judge's order to which he or she has not timely objected. Fed. R. Civ. P. 72(a).

B.   Objection

Plaintiff Abdon De La Peña ("Abdon") avers that he would be "disadvantaged" by allowing his attorney to withdraw from representing plaintiffs in this case because he has "moved [his] position in reliance to said lawyer's assurance that [he] ha[s] the right to file for continued harassment by IRS agents[,]" (Plaintiffs' "Joint Affidavit" ["Plf. Aff."] at 1, ¶ (c)).

Upon review of plaintiffs' objections, defendant's response thereto, the pleadings and all proceedings to date, and upon reconsideration of so much of the Minute Order as recommends relieving Wolin as plaintiffs' counsel in this case, I find that so much of the Minute Order as recommends relieving Wolin as plaintiffs' counsel in this case is not clearly erroneous or contrary to law. Accordingly, plaintiffs' objection to so much of the Minute Order as recommends relieving Wolin as their counsel in this case is overruled and that branch of the Minute Order is accepted in its entirety.

2

II.   Recommendation that this Case be Dismissed

   A.   Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b); see Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002). Any portion of a report and recommendation on dispositive matters to which a specific, timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010). However, the court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives [judicial] review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue."); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point.")

General objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review * * * [because] [s]uch objections would reduce the magistrate's work to something akin to a meaningless dress rehearsal." Owusu v. New York State Ins., 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009) (alterations, quotations and citations omitted); see also Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (accord); Butto v. Collecto, Inc., 290 F.R.D. 372, 379 (E.D.N.Y. 2013) ("In a case where a party makes only conclusory or general objections, or simply reiterates his original arguments, the

3

Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)). To accept the report and recommendation of a magistrate judge to which such general or perfunctory objections are made, or to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See Fed. R. Civ. P. 72(b); Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error."); Libbey v. Village of Atlantic Beach, 982 F. Supp. 2d 185, 199 (E.D.N.Y. 2013) ("[I]f a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)); 7-Eleven, Inc. v. Khan, 977 F. Supp. 2d 214, 219 (E.D.N.Y. 2013) (accord).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc, 295 F.R.D. 1, 2 (E.D.N.Y. 2013); North Shore-Long Island Jewish Health Care Sys., Inc. v. MultiPlan, Inc, 953 F. Supp. 2d 419, 424 (E.D.N.Y. 2013).

B. Objections

Abdon avers that he failed to comply with the Court's orders because (1) he "was so busy for tax jobs during January to first half of April 2014," (Plf. Aff. at 1, ¶(a)); and (2) he "went for an urgent vacation to attend a relatives' reunion for the victims of the 7.2 magnitude earthquake and the super typhoon Haiyan both occurred in [his] home country Philippines," (id.), in May 2014. Plaintiffs do not object to the dismissal of the claims asserted on behalf of Don's Professional Services, LLC. (Id., at 1-2, ¶¶ (d)-(i)).

4

Attached as an exhibit to plaintiffs' joint affidavit, *inter alia*, is Abdon's travel itinerary indicating: (1) that on Tuesday, April 22, 2014, approximately eleven (11) days after Wolin served Magistrate Judge Tomlinson's April 9, 2014 order directing plaintiffs to appear for a hearing on May 1, 2014 and show cause why Wolin's motion to withdraw as counsel should not be granted upon plaintiffs by first class and overnight mail, Abdon left John F. Kennedy International Airport in New York bound for his ultimate destination in Manila, Philippines; and (2) that he returned to New York on May 17, 2014. Although plaintiffs had more than one (1) week before Abdon left for his vacation to respond to the order to show cause, and/or to seek an adjournment of the May 1, 2014 hearing date, they failed to do so. Moreover, plaintiffs provide no explanation for the failure of Brenda De La Peña ("Brenda") to appear at the hearing on the order to show cause on May 1, 2014, to request an adjournment of the hearing, or to otherwise oppose the order to show cause.

Following plaintiffs' failure to appear at the May 1, 2014 hearing, Magistrate Judge Tomlinson issued a Notice of Contempt Hearing, *inter alia*: (1) scheduling a hearing on June 5, 2014, nineteen (19) days after Abdon returned from his vacation, "to determine whether the Plaintiffs should be held in contempt for their failure to appear [for the May 1, 2014 hearing] in contravention of [Magistrate Judge Tomlinson's April 9, 2014] Order," (Doc. No. 23); and (2) cautioning plaintiffs that "[b]y failing to appear [for the May 1, 2014 hearing] in response to [her] previous Order, [they] [were] running the risk of having [her] recommend to [me] that this case be dismissed." (Id.) Wolin caused the Notice of Contempt Hearing to be served upon plaintiffs on May 7, 2014. Notwithstanding that Brenda had almost one (1) month, and Abdon had almost three (3) weeks after he returned from vacation, to respond to the Notice of Contempt Hearing and/or to seek an adjournment of the June 5, 2014 hearing, they failed to do so.

Following plaintiffs' failure to appear at the contempt hearing on June 5, 2014,

Magistrate Judge issued the Minute Order recommending, *inter alia*, that this action be dismissed for plaintiffs' continuing failure to comply with orders of the Court and to cooperate with their attorney in prosecuting this case. On or about June 6, 2014, plaintiffs mailed their "Motion to Reconsider Continuation of the Case against Individual Defendants," which the Court construes to be objections to the Minute Order, to the Court, although apparently not to their counsel or counsel for defendant, which was received by the Clerk's office and the Court's Pro Se Office on June 9, 2014. Due to an apparent clerical error, plaintiffs' objections were not docketed until September 9, 2014. (Doc. No. 29).

"A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiffs' failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." Id.

On or about March 3, 2014, Wolin served the motion to be relieved as plaintiffs' counsel pursuant to Local Civil Rule 1.4 upon plaintiffs. (Doc. No. 9). On March 26, 2014, after receiving no opposition thereto, Wolin filed the unopposed motion seeking to be relieved as plaintiffs' counsel on the basis, *inter alia*, that by refusing to allow them to voluntarily discontinue this action, plaintiffs are causing them to advance a claim that is unwarranted under existing law in violation of Sections DR2-110(c) and DR7-102A of the Lawyer's Code of Professional Conduct. (Doc. No. 16). Thereafter, Magistrate Judge Tomlinson issued the April 9, 2014 order directing plaintiffs to appear for a hearing on May 1, 2014 and show cause why

6

Wolin should not be relieved as their counsel in this action. Thus, plaintiffs did not respond to Wolin's motion, or comply with the Court's orders, for more than three (3) months, until Magistrate Judge Tomlinson recommended dismissal of this action for their failure to comply with the Court's orders. Moreover, plaintiffs have not presented a reasonable excuse for their failure to respond to Wolin's motion or to comply with the Court's orders. Accordingly, this factor weighs heavily in favor of dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Magistrate Judge Tomlinson's Notice of Contempt Hearing clearly provided plaintiffs with notice that she would recommend that this case be dismissed for their continued failure to comply with the Court's orders. Nonetheless, plaintiffs continued with their noncompliance by failing to appear for the contempt hearing. Accordingly, this factor, too, weighs in favor of dismissal. The remaining factors neither weigh heavily in favor of, nor against, dismissal. Accordingly, upon *de novo* review of so much of the Minute Order as recommends dismissing this action for plaintiffs' failure to comply with the Court's orders, the pleadings, plaintiffs' objections and defendant's response thereto, plaintiffs' objections are overruled and so much of Magistrate Judge Tomlinson's Minute Order as recommends dismissing this action for plaintiffs' failure to comply with the Court's orders is accepted in its entirety. For the reasons set forth herein and in the Minute Order, this action is dismissed in its entirety with prejudice pursuant to Rule 41(b) for plaintiffs' failure to comply with orders of the Court.

III. Conclusion

For the reasons set forth herein and in the Minute Order, plaintiffs' objections are overruled, Magistrate Judge Tomlinson's recommendations in the Minute Order are accepted in their entirety, Wolin is relieved as plaintiffs' counsel in this action and this action is dismissed in

its entirety with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for plaintiffs' continued failure to comply with orders of the Court. The Clerk of the Court shall enter judgment against plaintiffs in this action, close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon all parties as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

SO ORDERED.

s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: November 13, 2014
       Central Islip, New York